VIOLET McGREGOR LITTELL, WILLIAM MEEKER LITTELL, JOHN McGREGOR LITTELL and VIBURNE CORPORATION, INCORPORATED, complainants-respondents,

*v.*

EMMA L. BUSH, defendant-appellant.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion:

"At the conclusion of the hearing the case was submitted without argument and, without comment, a decree for the complainant was ordered. The solicitors who filed the answer were succeeded by the solicitor who tried the case, and now another has taken an appeal, just within the year's limitation, and this memorandum is to inform the court of the reasons for the decree.

"The defendant had a suit at law against each of the individual complainants. They were ready for trial. They were settled by the attorneys. The agreement of settlement is manifested by correspondence passing between the lawyers. The defendant balked. The complainant sued to compel performance. On the sharp issue of fact—it was the only one pressed—whether the defendant was fully informed and consented to the composition, I accepted as truth the word of Mr. Elmer King, her attorney, that she knew and agreed to the adjustment he had made with Mr. Borden D. Whiting, his opponent, and advised a decree upon the authority of *Trenton Street Railway Co.* v. *Lawlor, 74 N. J. Eq. 828.* The denial of the defendant that she agreed to the settlement and authorized Mr. King to conclude it, was equivocal in the spoken word and unsatisfactory and, as trier of the facts, the verdict was my conviction.

"The attorney, on appeal, came to me, for a rehearing. He was obviously disappointed because it was not granted offhand, and on his word that his client had been wronged. Informed that a rehearing was a judicial act and due cause the foundation, he presented a petition and upon a hearing it was denied for want of merit. He has since complained

that his client's 'constitutional' rights were set at naught, because Mr. King was permitted to disclose confidences between attorney and client. That may be one of his grounds of appeal. Whatever Mr. King testified to was not of confidential communication, as held in the case just cited, and besides, it will be observed, Mr. King simply testified to his authority and the supposed breaches of confidence came on cross-examination by the trial solicitor."

*Mr. Lewis R. Harris (Mr. Lewis Fisher,* associate counsel), for the appellant.

*Messrs. Whiting & Moore (Mr. Ira C. Moore, Jr.,* of counsel), for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion delivered by Vice-Chancellor Backes, in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.